IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>6-L MECHANICAL LLC,<br><br>Defendant. | Civil No. 1:19-cv-00079-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund's ("National Pension Fund") and Trustees of the International Training Fund's ("International Training Fund") (collectively, "plaintiffs") Motion for Default Judgment (Dkt. No. 12). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiffs' favor for the reasons that follow.

**I.   Procedural Background**

On January 23, 2019, plaintiffs filed the instant action against 6-L Mechanical LLC ("defendant") alleging that defendant breached a Collective Bargaining Agreement with the United Association Local Union No. 344 ("Local Union 344") and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. Compl. (Dkt. No. 1) ¶¶ 9-33. The summons, Complaint, and supporting documents were served on defendant on January 28, 2019 (Dkt. No. 6).[1] Under Fed. R. Civ. P. 12(a), a responsive pleading

---

[1]   On April 30, 2019, the Court issued an Order warning plaintiffs that "if they do not serve defendant with a summons and copy of the complaint and file a valid proof of service on or before **May 6, 2019 at 5:00 p.m.**,

was due 21 days later on February 19, 2019. Defendant failed to file a responsive pleading in a timely manner.

On May 6, 2019, plaintiffs filed a Request for Entry of Default Pursuant to F.R.C.P. 55(a) (Dkt. No. 7). The Clerk of Court entered an Entry of Default that same day (Dkt. No. 10). On May 9, 2019, plaintiffs filed a Motion for Default Judgment (Dkt. No. 12), along with a Memorandum in Support of Motion for Default Judgment (Dkt. No. 13) and a Notice of Motion for Default Judgment with Certificate of Service (Dkt. No.14). Plaintiffs' motion was supported with two affidavits from Toni C. Inscoe (Dkt. Nos. 13-1 and 13-2) and a declaration from John R. Harney (Dkt. No. 13-3). On May 31, 2019, counsel for plaintiffs appeared at the hearing on their motion for default judgment and no one appeared on behalf of defendant (Dkt. No. 15).

## II. Factual Background

The following facts are established by the Complaint, the memorandum in support of the motion for default judgment, and the affidavits and declaration attached to the memorandum in support of the motion for default judgment.

Plaintiffs are the trustees of multi-employer employee benefit plans as defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). Compl. (Dkt. No. 1) ¶¶ 1-2. The National Pension Fund is established and maintained by a Restated Agreement, Declaration of Trust, and the Collective Bargaining Agreement between Local Union 344 and defendant. *Id.* at ¶ 1. The International Training Fund is established and maintained by a Restated Trust Agreement and the Collective Bargaining Agreement between Local Union 344 and defendant. *Id.* at ¶ 2. Both funds are administered in Alexandria, Virginia. *Id.* at ¶¶ 1-2.

---

plaintiffs' claims will be dismissed without prejudice" (Dkt. No. 5) (emphasis in original). Accordingly, plaintiffs filed a valid proof of service on May 2, 2019 (Dkt. No. 6).

Defendant is a limited liability company existing under Oklahoma law with an office located in Choctaw, Oklahoma. *Id.* at ¶ 3. At all times, defendant transacted business as a contractor or subcontractor in the plumbing and pipefitting industry and was an "employer in an industry affecting commerce" as defined by Section 501(1), (3), and 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a. *Id.*

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301(a) and (c) of LMRA, 29 U.S.C. § 185(a), (c). Defendant is signatory to the Collective Bargaining Agreement with Local Union No. 344 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. *Id.* at ¶ 5. Pursuant to the Collective Bargaining Agreement, defendant agreed to pay plaintiffs certain sums of money for each hour worked by its employees covered by the agreement. *Id.* at ¶¶ 6-7. Plaintiffs claim that defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at defendant's request. *Id.* at ¶¶ 9-29. Plaintiffs also seek an order enjoining defendant from violating the terms of their respective employee benefit plans and requiring defendant to submit timely contributions and reports to plaintiffs (Count III). *Id.* at ¶¶ 30-33.

**Count I—National Pension Fund**

Plaintiffs assert that defendant failed to make contributions to the National Pension Fund for the months of December 2017 and April through July 2018 on behalf of members in Local 334's jurisdiction. Compl. (Dkt. No. 1) ¶ 9. Specifically, plaintiffs allege that defendant failed to

make contributions in the amount of $3,062.80 for December 2017 and April through June 2018. *Id.* at ¶ 10. With respect to July 2018, plaintiffs state that defendant failed to submit reports to the National Pension Fund indicating the amount owed for that month. *Id.* at ¶ 11. Plaintiffs allege that defendant is bound to the Restated Agreement and Declaration of Trust that provides, under Article VI, Section 6, the National Pension Fund is authorized to project the delinquent amount to determine payments owed when an employer fails to file the properly completed report forms. *Id.* at ¶ 13. Under this provision, plaintiffs allege that defendant is obligated to pay the National Pension Fund in the amount of $765.70 for July 2018, totaling to $3,828.50 in delinquent contributions for the months of December 2017 and April through July 2018. *Id.* at ¶¶ 15-16.

Plaintiffs also allege that under Article VI, Section 5, an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the date owed. *Id.* at ¶ 17. Under this provision, plaintiffs allege that defendant is obligated to pay the National Pension Fund in the amount of $382.85 in liquidated damages for the months of December 2017 and April through July 2018. *Id.* at ¶ 18.

Plaintiffs also seek interest, assessed at a rate of 12% per annum on the amount due from the date of delinquency until the date of payment, and costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1332(g)(2) and 29 U.S.C. § 1961.

**Count II—International Training Fund**

Plaintiffs assert that defendant failed to make contributions to the International Training Fund for the months of December 2017 and April through July 2018 of behalf of members in Local 334's jurisdiction. Compl. (Dkt. No. 1) ¶ 20. Specifically, plaintiffs allege that defendant failed to make contributions in the amount of $52.00 for the months of December 2017 and April through

4

June 2018. *Id.* at ¶ 21. With respect to July 2018, plaintiffs state that defendant failed to submit reports to the International Training Fund indicating the amount owed for that month. *Id.* at ¶ 22. Plaintiffs allege that defendant is bound to the Restated Trust Agreement that provides, under Article VI, Section 7, the International Training Fund is authorized to project the delinquent amount to determine the payments owed when an employer fails to file the properly completed report. *Id.* at ¶ 24. Under this provision, plaintiffs allege that defendant is obligated to pay the International Training Fund in the amount of $13.00 for July 2018, totaling to $65.00 in delinquent contributions for the months of December 2017 and April through July 2018. *Id.* at ¶¶ 26-27.

Plaintiffs also allege that under Article VI, Section 6, an employer who fails to file a report or make contributions within ten calendar days of the due date shall be obligated to pay liquidated damages in the amount of 20% of the amount due plus 12% interest per annum from the due date to the date of payment. *Id.* at ¶ 28. Under this provision, plaintiffs allege that defendant is obligated to pay $13.00 in liquidated damages for late payments for the months of December 2017 and April through July 2018. *Id.* at ¶ 29.

Plaintiffs also seek interest assessed at a rate of 12% per annum on the amount due from the date of delinquency until the date of payment, and costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1332(g)(2) and 29 U.S.C. § 1961.

### III.  Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.

Here, jurisdiction and venue are proper because both the National Pension Fund and the International Training Fund are administered in this district. *See* Compl. (Dkt. No. 1) ¶¶ 1-2.

## IV. Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Complaint are deemed to be admitted.

## V. Analysis

Based on the Complaint, the Motion for Default Judgment, the affidavits from Toni C. Inscoe, the declaration from John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.[2]

---

[2] Plaintiffs do not address their request for injunctive relief (Count III) in their motion for default judgment. Accordingly, the undersigned finds that they abandoned such claim for relief.

As set forth in the motion for default judgment, defendant failed to make full contribution payments for the months of December 2017 and April through July 2018 to the National Pension Fund and the International Training Fund. ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the great of –

> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). In support of its claim for damages, the National Pension Fund submitted an affidavit from Toni C. Inscoe with the motion for default judgment (Dkt. No. 13-1). The International Training Fund also submitted an affidavit from Toni C. Inscoe with the motion for default judgment (Dkt. No. 13-2). In addition to the affidavits, the National Pension Fund submitted a declaration from John R. Harvey for attorney's fees and costs incurred in this action (Dkt. No. 13-3).

    a.  **Payments to National Pension Fund**

The information contained in the affidavit from Toni C. Inscoe on behalf of the National Pension Fund establishes that it is owed contributions in the amount of $3,828.50 for the months of December 2017 and April through July 2018; liquidated damages in the amount of $382.85

(calculated at 10% of the total amount owed); and interest assessed at the rate of 12% per annum from the due date through the date of payment or May 31, 2019 in the amount of $458.86,[3] totaling to $4,670.22. *See* Inscoe Aff. (Dkt. No. 13-1) pg. 3.

In addition, the declaration from John R. Harney details the fees and costs incurred on behalf of National Pension Fund in this action. As stated in the declaration, the total amount of fees incurred is $2,737.50 for 13.50 hours of attorney and paralegal time and the amount of costs requested is $896.29 for the filing fee, service of process fees, and computerized research fees. Harney Declr. (Dkt. No. 13-3) ¶¶ 6-11. The undersigned has reviewed the declaration, as well as the supporting documentation, and recommends that the court find that the $2,737.50 request for fees and $896.29 request for costs by the National Pension Fund are reasonable and should be paid by defendant.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on Count I in the Complaint in the amounts shown below:

| Delinquent Contributions | $3,828.50 |
| Liquidated Damages | $382.85 |
| Accrued Interest (5/31/2019) | $458.86 |
| Attorney's Fees | $2,737.50 |
| Costs | $896.29 |
| ***Total*** | $8,304.00 |

---

[3] Plaintiffs mistakenly state that the accrued interest is $458.87, but the sum of the interest on the unpaid contributions to the National Pension Fund is $458.86. *See* Inscoe Aff. (Dkt. No. 13-1) pg. 3.

### b. Payments to International Training Fund

The information contained in the affidavit from Toni C. Inscoe on behalf of the International Training Fund establishes that it is owed contributions in the amount of $65.00 for the months of December 2017 and April through July 2018; liquidated damages in the amount of $13.00 (calculated at 20% of the contributions found to be due or paid late); and interest assessed at the rate of 12% per annum from the due date through the date of payment or May 31, 2019 in the amount of $7.79, totaling to $85.79. *See* Inscoe Aff. (Dkt. No. 13-2) 3.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the International Training Fund against defendant on Count II in the Complaint in the amounts shown below:

| | |
|---|---|
| Delinquent Contributions | $65.00 |
| Liquidated Damages | $13.00 |
| Accrued Interest (1/25/2019) | $7.79 |
| *Total* | $85.79 |

## VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on Count I of the Complaint in the amount of **$8,304.00** and that a default judgment be entered in favor of the International Training Fund against defendant on Count II of the Complaint in the amount of **$85.79.**

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this

Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

June 19, 2019
Alexandria, Virginia